## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA

In re:                                       Case No.: 05-16028-BKC-AJC
                                             Chapter 13
Richard Scott & Julissa Green

              Debtor(s)
_____/

## VERIFIED RESPONSE OF BRIAN DILKS AND DILKS & KNOPIK, LLC
## AS TO ORDER TO SHOW CAUSE WHY BRIAN DILKS AND
## DILKS & KNOPIK, LLC SHOULD NOT BE SANCTIONED AND SHOULD
## NOT BE PROHIBITED FROM FILING APPLICATIONS TO WITHDRAW
## UNCLAIMED FUNDS IN ANY UNITED STATES BANKRUPTCY COURT

Brian Dilks and Dilks and Dilks & Knopik, LLC ("Dilks & Knopik") files this their Verified Response as to Order to Show Cause as to Why Brian Dilks and Dilks & Knopik, LLC Should Not Be Sanctioned and Should Not Be Prohibited From Filing Applications to Withdraw Unclaimed Funds in any United States Bankruptcy Court and states:

1.     First and foremost, Brian J. Dilks, on his own behalf and as managing member of Dilks & Knopik, admit they erred in regard to this matter. This verified pleading will set forth how this occurred and the material steps they have taken as a result to ensure it does not occur in the future.

2.     Mr. Dilks will be appearing at the August 7, 2007 hearing to testify in relation and response to the Order to Show Cause.

3.     He will testify, and the undersigned respectfully submits, the evidence will show that the occurrence in this case was unusual and inadvertent, not intentional or fraudulent. Notwithstanding, it did occur which is unacceptable to Mr. Dilks and Dilks & Knopik and accordingly, they have modified their policies and procedures to help ensure it does not happen in

the future.[1]

## I. **Dilks & Knopik, LLC.**

Dilks & Knopik, LLC has been in the business of collecting unclaimed funds deposited by the Trustees into the court registry which are normally and customarily owed to creditors of that bankruptcy case. Dilks & Knopik's involvement normally commences after the Trustee files a Notice of Deposit of Funds with the U.S. Bankruptcy Court which the Trustee's asserts were mailed to the creditor and returned due to insufficient address or other reasons. Pursuant to Bankruptcy Rule of Procedure 3011, the Trustee identifies the creditor entitled to the specific funds (in this case pursuant to the Debtor's Chapter 13 Plan). A true and correct copy of the Notice of Deposit of Funds With the U.S. Bankruptcy Court [CP #57] is attached hereto as Exhibit "A". The funds are uncollected for various reasons, including but not limited to incorrect addresses, changed addresses, corporate mergers and sale of loans/receivables.

Dilks & Knopik files approximately 1,500 applications for unclaimed funds each year which results in approximately $2 million collected for Dilks & Knopik's clients each year. The recovery of mortgage related amounts make up less than 1% of the recoveries. Dilks & Knopik collects on behalf of a wide range of clients, including debtors, mortgage companies, credit card companies, individual creditors and others.

Dilks & Knopik is a small business with 8 employees (most of whom have worked with Dilks & Knopik since its inception). Dilks & Knopik is a member of the Better Business Bureau and takes very seriously its responsibility of ensuring that it only collects for the correct party. There has

---

[1]This response will be addressed in three separate parts, (I) Dilks & Knopik's corporate history and operations; (ii) Dilks & Knopik's policies prior and subsequent to this case; and (iii) facts relating to this case and corrective action being taken as to future cases.

never been a complaint filed against Dilks & Knopik with the Better Business Bureau, any state or federal government authority and Dilks & Knopik has never been sanctioned by a Court..

Dilks & Knopik has on only one occasion inadvertently collected funds for the wrong individual. The case involved collection for a man with the same exact name (a unique name) as the real creditor. The real creditor contacted Dilks & Knopik. After Dilks & Knopik unsuccessfully sought to contact the incorrect creditor to have him return the funds to which he was not entitled, it promptly paid the real creditor the full amount he was due.

Dilks & Knopik and Brian Dilks understand the perceptions which many may have of unclaimed funds finders and it works hard to change those perceptions which makes a case such as this one and the Court's concerns about Dilks & Knopik and Brian Dilks all the more disturbing.[2]

Dilks & Knopik deems its credibility with the Courts, including this Court, to be critical to its success which is why it has re-examined and changed its policies and procedures as a result of this Court's concerns regarding this matter. Mr. Dilks will testify as he verifies herein that Dilks & Knopik has always taken its responsibilities seriously and there was no intent to mislead or inappropriately collect funds in this case or in regard to its past business practices.

## II. Dilks & Knopik's Past Policies and Procedures.

As described above, Dilks & Knopik collects unclaimed funds the Trustee deposits into the Court Registry owed to creditors of a particular bankruptcy case.

The company's standard procedure is to research amounts Trustees have deemed unclaimed and attempt to locate and contact the creditors the Trustee listed as the creditor entitled to the funds.

---

[2]Dilks & Knopik is one of the few unclaimed fund finder entities which carries errors and omission coverage. The policy covers $2,000,000.00 per incident.

If the creditor of record has been merged into another entity, Dilks & Knopik seeks to locate that entity to collect the funds on its behalf.

Once contact is made with the creditor, Dilks & Knopik explains its services and if the client agrees it enters into a Service Agreement. Dilks & Knopik's standard Service Agreement states that if the client determines they are already collecting the funds or if they determine they are not the owner of the funds no fee is due to Dilks & Knopik. A true and correct copy of a standard Service Agreement is attached hereto as Exhibit "B".

The case information (debtor name, case number and jurisdiction) is released to Dilks & Knopik's clients on the limited power of attorney in order for the client to perform due diligence. If the client claims the funds are due to it, Dilks & Knopik then applies for the funds on the creditor (or its successor's) behalf.[3] Dilks & Knopik relies on the Trustee's Notice and the client to determine if the debt is due and owing. Once the application is granted, Dilks & Knopik issues payment to the creditor.

In over five years of business there have only been a limited number of cases wherein the Trustee inadvertently listed a creditor as the owner of the funds when in fact the creditor has been paid and the funds should be paid to the debtor. Likewise, there have been a limited number of cases wherein Dilks & Knopik has filed an Application to Withdraw Funds on behalf of a client when the client has already been paid off. Upon review of the files as a result of this matter, the situation appears to be occurring almost exclusively with mortgage companies/banks who have been paid off from a sale or refinancing approved by the Bankruptcy Court, but the funds paid into a Chapter 13

---

[3]In the Southern District of Florida the Application to Withdraw Funds is mailed to the financial administrator who apparently performs a review of the Application and then the financial administrator forwards it to the Clerk for filing.

4

Plan remain in the Court Registry as unclaimed funds designated by the Trustee as belonging to the secured creditor.

In order to avoid this from occurring in the future, Dilks & Knopik has now changed its policies and procedures as follows:

(i)     To require all mortgagees/servicing companies to execute an affidavit under penalty of perjury that the loan or debt is in fact sill owing to the creditor and that it has neither been bought or sold to another company.  If the prospective client refuses to execute the affidavit, we will not collect unclaimed funds on that client's behalf.  For example, Dilks & Knopik previously filed applications in multiple jurisdictions on behalf of Wells Fargo, but Wells Fargo is unwilling to execute an affidavit and verify the loan status as to each case.  We ceased collecting on Wells Fargo's behalf.[4]

(ii)    Dilks & Knopik has cut its filings of Applications to Withdraw Funds by approximately one-third by ceasing collection on small accounts, which is significantly increasing its ability to monitor and audit its files to prevent circumstances like this case.

(iii)   In mortgagee cases, Dilks & Knopik will now review the Court Docket Report through Pacer to inquire whether a sale of property occurred and if so, will advise the client to specifically inquire whether a payoff/satisfaction has occurred and whether the funds in the Court Registry are part of the payoff.

(iv)    Notice of the Application to Withdraw funds will be provided to Debtor, Debtor's

---

[4]One of the three cases before this Court referenced in the Court's Order concerned Wells Fargo Bank N.A., Case No. 04-40320-BKC-AJC.

counsel and the Trustee at the address listed on the Bankruptcy Docket Sheet. (At this time such notice is not required, although it appears it is occurring as to the Trustee and Debtor's counsel by electronic filing).

### III.   Facts Relating to this Debtor.

(i)     Richard Scott Green and Julissa Green filed for Chapter 13 relief on June 20, 2005.

(ii)    The Debtors had a mortgage loan with AmTrust Bank, f/k/a Ohio Savings Bank.

(iii)   On February 23, 2007, the Chapter 13 Trustee filed a Notice of Deposit of Funds with the U.S. Bankruptcy Court Clerk [CP #57].  The Chapter 13 Trustee's exhibit to its Notice of Deposit listed $30,965.02 as being owed to the Ohio Savings Bank.

(iv)    Upon Dilks & Knopik's discovering the existence of the Notice of Deposit, at or around May 7, 2007, it approached AmTrust Bank to collect the funds on its behalf.

(v)     Dilks & Knopik dealt with AmTrust Bank's general counsel, Roy E. Lachman.  On May 15, 2007, Mr. Lachman returned the executed Service Agreement to start the process of recovering the funds.  (See Exhibit "A").  At or around that time, Dilks & Knopik forwarded Mr. Lachman a limited power of attorney and court information regarding the Debtors.

(vi)    On May 29, 2007, Dilk & Knopik filed an Application to Withdraw Unclaimed Funds on behalf of AmTrust Bank for the $30,695.02 held in the name of Ohio Savings Bank. [CP #62].

(vii)   On or about June 11, 2007, this Court scheduled a hearing on the Application to Withdraw Unclaimed Funds for June 27, 2007 at 10:30 a.m. [CP #63].  The Order stated no withdrawal of the application will be deemed effective and the hearing shall

proceed as scheduled.

(viii)    Upon receipt of the Order on or about June 14, 2007, Dilks & Knopik immediately asked AmTrust Bank to provide further information regarding the claim. (See e-mails to and from AmTrust Bank attached hereto as Exhibit "C").

(ix)    On June 19, 2007, Dilks & Knopik received notice from Mr. Lachman that the loan had been paid off several months earlier and AmTrust Bank had returned the funds to the Trustee. He advised that under the circumstances, he did not see any bases for the claim and requested a withdrawal of the claim. (See Exhibit "C").

(x)    On the same day, June 19, 2007, Dilks & Knopik forwarded a Release of Interest to AmTrust Bank to be executed, and AmTrust Bank returned it signed on the same date. A true and correct copy of the Release of Interest is attached hereto as Exhibit "D".

(xi)    At or around the same time, Dilks & Knopik, LLC was contacted by the Debtors' counsel and Dilks & Knopik informed him it was aware of the issue and faxed the Debtors' counsel a copy of the Release of Interest.

(xii)    Thereafter, because the Release of Interest had been forwarded to Debtors' counsel, and the Court Order indicated no withdrawal of application would be effective, Dilks & Knopik did not file a withdrawal. Likewise, based upon the above, Dilks & Knopik presumed its role had been concluded and did not believe it was necessary to attend the hearing. In hindsight, Dilks & Knopik recognizes it should have attended the hearing and informed the Court of the circumstances set forth herein.

(xiii)    Dilks & Knopik concurs with the Court Order that it is strange the Mortgage Release,

7

Satisfaction & Discharge was attached as page 15 of 15 of the Application to Withdraw Unclaimed Funds. Dilks & Knopik does not customarily obtain such public record documents and cannot explain how it was attached to its motion. If Dilks & Knopik or Brian Dilks personally had noticed such a document it would have raised a red flag and at a minimum caused further investigation and inquiries to AmTrust Bank prior to filing the Application to Withdraw Funds. Dilks & Knopik and/or Brian Dilks would never knowingly seek recovery of funds if it knew the client was not entitled to such funds.

## CONCLUSION

Mr. Dilks and Dilks & Knopik are fully aware of the Court's concerns and will be appearing before the Court to ensure the Court is informed that neither Dilks & Knopik or Brian Dilks has ever sought to fraudulently attempt to obtain monies for its clients with knowledge the clients were not owed the funds. While it admits it has made mistakes (as in this case), they have been few and without bad intent. The facts of this case were highly unusual and rare. The Trustee's Notice of Deposit of Funds listing the creditor which is owed the funds is almost always correct and the creditor's due diligence normally provides adequate confirmation. Due to the nature of the mortgage industry, particularly the layers of mergers, acquisitions, loan services, refinances, sales and the like, the mortgagee clients have presented a challenge resulting in rare circumstances of a Motion to Withdraw being filed when a payoff already occurred. Those issues are normally corrected prior to execution of the Service Agreement and in all cases to Dilks & Knopik's knowledge prior to

disbursement of the funds by the Court.[5]

Dilks & Knopik has now changed its procedures which it believes will help eradicate similar problems in the future. Brian Dilks and Dilks & Knopik, LLC have sought to be responsible and diligent in a difficult industry, however, it is clear they have come up short on occasion. They respectfully and with candor submit to the Court their shortcomings were inadvertent, rare and in no way intentional and are taking substantive steps to present similar occurrences in the future.

---

[5]The Debtor sometimes files its own Application to Withdraw Unclaimed Funds and attach as a copy of the Release of Mortgage. (See for example In Re: Molina, Case No. 04-14394-RA7 wherein the mortgage company was paid off, returned the funds to the Chapter 13 Trustee, but the Trustee subsequently filed a Notice of Deposit of Funds listing the mortgagee, Fairbanks Capital Corp. as the entity entitled to the funds)(See Exhibit "E"). In that case, the Bankruptcy Court Financial Administrator returned the Application to Withdraw Funds to Dilks & Knopik prior to docketing the Application. Dilks & Knopik believes its changed procedures will assist the filing of an Application in similar cases in the future.

## VERIFICATION

The undersigned, Brian Dilks, individually and as Managing Member for Dilks & Knopik, LLC, verifies the allegations set forth in the Verified Response of Brian Dilks and Dilks & Knopik, LLC as to Order to Show Cause Why Brian Dilks and Dilks & Knopik, LLC Should Not be Sanctioned and Should Not Be Prohibited from Filing Applications to Withdraw Unclaimed Funds in Any United States Bankruptcy Court and hereby swears and verifies that the facts are true and correct to the best of my knowledge and belief.

By: _____
         Brian Dilks


STATE OF  Washington )
                                       ) ss:
COUNTY OF  King          )


The foregoing instrument was acknowledged, duly sworn and subscribed before me on this 2nd day of August, 2007, by Brian Dilks, Managing Member for Dilks & Knopik, LLC, who is/is not personally known to me or who has produced ___Drivers Lic.___ as identification and did/did not take an oath.

_____
Notary Public

Bradley Rothman
_____
Printed Name of Notary

My Commission Expires: _28 Sep 2009_

[Notary Seal: BRADLEY ROTHMAN — COMMISSION EXPIRES — NOTARY PUBLIC — SEPT. 28, 2009 — STATE OF WASHINGTON]

10

Dated: 8/2/07

Respectfully submitted,

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court of the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court as set forth in Local Rule 2090-1(A).

GAMBERG & ABRAMS
*Attorneys for Brian Dilks and Dilks & Knopik, LLC*
1776 North Pine Island Road, Suite 309
Fort Lauderdale, Florida 33322
Telephone:      (954) 523-0900
Facsimile:       (954) 915-9016
E-mail:           tabrams@tabramslaw.com

By:_____
       Thomas L. Abrams, Esquire
       Florida Bar No. 764329

11

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

2 73561

IN RE:                                    CASE NO.   05-16028-BKC-AJC
RICHARD SCOTT GREEN
JULISSA GREEN

CHAPTER 13

NOTICE OF DEPOSIT OF FUNDS WITH THE
U.S. BANKRUPTCY COURT CLERK

NOTICE IS HEREBY GIVEN THAT:

(XX) The trustee has a balance of $ 40,076.54  remaining in her bank
     account which represents unpresented checks drawn and mailed to
     debtor(s)/ creditor(s) in the above named case.  Your trustee
     has  made  a  good  faith effort to verify the correct  mailing
     address  for said debtor(s)/Creditor(s) and deliver  the  funds
     before  presenting this notice.  More than sufficient time  has
     passed  for these checks to be presented for  payment,  or  the
     creditor  has returned funds  indicating they refuse the funds.

(  ) The trustee has a balance of $     .00   remaining in her bank
     account  which  represents small dividends as defined  by  FRBP
     3010.

     Attached and made a part of this notice is a list,  pursuant
to FRBP 3011,  of  the  names,  Claim  numbers  and  addresses
of the debtor(s)/creditor(s) and the amounts  to  which  they  are
entitled.

     WHEREFORE,  your trustee hereby gives notice that  the above
stated  sum  has  been  deposited  with  the  Clerk  of  the U. S.
Bankruptcy Court,  Southern  District  of Florida, to effect closing
of this estate.

Date: _____FEB 2 1 2007_____                    _____
                                                NANCY N. HERKERT
                                                CHAPTER 13 TRUSTEE

Copies to:

RICHARD SCOTT GREEN
JULISSA GREEN
15820 SW 148 TERR
MIAMI, FL 33196

JAMES ALAN POE, ESQ
9500 S DADELAND BLVD
SUITE 610
MIAMI, FL 33156

OHIO SAVINGS BANK
1111 CHESTER AVE, STE 200
CLEVELAND, OH 44114

MTGLQ INVESTORS LP
OCWEN LOAN SERVICING LLC
12650 INGENUITY DRIVE
ORLANDO, FL 12826

FOCUS RECEIVABLES MGMT
2700 CUMBERLAND PKWY, STE 540
ATLANTA, GA 30399

U.S. Trustee
51 S. W. 1st Avenue
Miami, Florida 33130

EXHIBIT
A

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA

IN RE:                                CASE NO.   05-16028-BKC-AJC
RICHARD SCOTT GREEN
JULISSA GREEN

CHAPTER 13


RICHARD SCOTT GREEN
JULISSA GREEN
15820 SW 148 TERR
MIAMI, FL 33196


JAMES ALAN POE, ESQ
9500 S DADELAND BLVD
SUITE 610
MIAMI, FL 33156

OHIO SAVINGS BANK               ---------$      30,695.02
1111 CHESTER AVE, STE 200
CLEVELAND, OH 44114


MTGLQ INVESTORS LP              ---------$       8,868.00
OCWEN LOAN SERVICING LLC
12650 INGENUITY DRIVE
ORLANDO, FL 32826

FOCUS RECEIVABLES MGMT          ---------$         513.52
2700 CUMBERLAND PKWY, STE 540
ATLANTA, GA 30399


U.S. Trustee
51 S.W. 1st Avenue
Miami, Florida 33130

## SERVICE AGREEMENT
## FOR THE RECOVERY OF
## UNCLAIMED OR ABANDONED PROPERTY/FUNDS

This Service Agreement for Recovery of Unclaimed or Abandoned Funds, dated as of Monday, May 07, 2007, is by and between **Ohio Savings Bank F.S. B**, ("CLIENT"), and **Dilks & Knopik**, a Washington LLC Corporation ("D&K").

1. D&K agrees to identify, locate, recover, and return to CLIENT Unclaimed or abandoned funds in the amount of **$30,695.02** to which CLIENT is entitled (the "FUNDS").

2. Upon CLIENT's execution and delivery of this Agreement, D&K will disclose to CLIENT the nature of the FUNDS and the procedures required to secure their recovery.

3. CLIENT agrees that once D&K discloses the nature of where FUNDS originate from, CLIENT will not pursue these FUNDS through an alternate firm or independently from D&K.

4. No fee whatsoever will be paid to D&K unless the FUNDS, or any part of them, are actually recovered and returned to CLIENT.

5. D&K will pay all costs and expenses associated with recovering the FUNDS and returning them to CLIENT.

6. If CLIENT is actively pursuing or disputing the FUNDS within 180 days prior to this Agreement, or determines they are not the owner the FUNDS and such written documentation is provided to D&K, then no fee will be due D&K.

7. FEES – CLIENT agrees to pay D&K for services provided under this agreement. The specific percent of the recovery is as follows:

   - **10%** of the successfully recovered funds stated in line 1 above.

8. This Agreement constitutes the entire agreement between the parties. It shall remain in effect until the funds have been received by CLIENT and D&K has received compensation per this agreement. Any changes or modification of this Agreement must be in writing and signed by both parties.

9. All information regarding CLIENT will be maintained in the strictest of confidence.

| | |
|---|---|
| Dilks & Knopik, LLC | Ohio Savings Bank F.S. B |
| 28431 SE Preston Way | 1801 East Ninth Street |
| Issaquah, WA 98027 | Cleveland, OH 44114 |
| Signature: _____ | Signature: _____ |
| W. Russ Dilks | Title: _S.V.P._ |
| | Print Name: _Roy E. Lachman_ |
| Monday, May 07, 2007 | Date: _5/15/07_ |

```
EXHIBIT
   B
```

## W. Russ Dilks

**From:**    Lachman, Roy [RLachman@amtrust.com]
**Sent:**    Tuesday, June 19, 2007 10:27 AM
**To:**    W. Russ Dilks
**Subject:** RE: Order setting Hearing on withdrawl on unclaimed funds

thank you. Roy.

---

**From:** W. Russ Dilks [mailto:russ.dilks@dilksknopik.com]
**Sent:** Tuesday, June 19, 2007 12:27 PM
**To:** Lachman, Roy
**Subject:** RE: Order setting Hearing on withdrawl on unclaimed funds

Just got the fax thanks for getting that to me so quickly, if I ever see anything of interest to AmTrust in the future I will let you know.

Thanks again,

Russ

---

**From:** Lachman, Roy [mailto:RLachman@amtrust.com]
**Sent:** Tuesday, June 19, 2007 9:13 AM
**To:** W. Russ Dilks
**Subject:** RE: Order setting Hearing on withdrawl on unclaimed funds

Sorry it didn't work out. I faxed you the executed release of interest. Roy.

---

**From:** W. Russ Dilks [mailto:russ.dilks@dilksknopik.com]
**Sent:** Tuesday, June 19, 2007 11:41 AM
**To:** Lachman, Roy
**Subject:** RE: Order setting Hearing on withdrawl on unclaimed funds

Thanks Roy, best to find out now rather than latter. It appears that these funds would now owe back to the debtor; I will attempt to locate them. We will file a withdrawal of our motion from the court as soon as possible. If you could get the enclosed release of interest to me as soon as possible so I can include it with our motion to withdrawal.

Thanks again for you cooperation in this matter.

Russ

---

**From:** Lachman, Roy [mailto:RLachman@amtrust.com]
**Sent:** Tuesday, June 19, 2007 5:51 AM
**To:** W. Russ Dilks
**Subject:** FW: Order setting Hearing on withdrawl on unclaimed funds

Unfortunately, it appears that the loan was paid off a few months ago, and that is why we returned the money to the trustee. I don't see any basis for our claim in these circumstances, so unless you do, please withdraw the claim and close the file. Thanks for your help. Roy Lachman.



EXHIBIT

_C_

7/26/2007

**From:** Roman, Ruben
**Sent:** Tuesday, June 19, 2007 8:46 AM
**To:** Peters, George
**Cc:** Sheridan, Michael; Lachman, Roy
**Subject:** RE: Order setting Hearing on withdrawl on unclaimed funds

George,
On January 25, 2007 we received $30,695.02 from the trustee.  I told cash processing to return the money because the loan was paid in full on January 10, 2007.

I have attached copies of the note, mortgage and assignment to show the Green's relationship with the bank.

Ruben

---

**From:** Peters, George
**Sent:** Monday, June 18, 2007 6:18 PM
**To:** Sheridan, Michael; Lachman, Roy
**Cc:** Roman, Ruben
**Subject:** FW: Order setting Hearing on withdrawl on unclaimed funds
**Importance:** High

Mike and Ruben, please review. Roy is requesting information on this mortgage. The account was in BK and is now paid off. From old notes, it appears that we sent back a large amount to the Trustee. Account. 3037001

---

**From:** Lachman, Roy
**Sent:** Monday, June 18, 2007 1:31 PM
**To:** Peters, George
**Subject:** FW: Order setting Hearing on withdrawl on unclaimed funds

fyi

---

**From:** W. Russ Dilks [mailto:russ.dilks@dilksknopik.com]
**Sent:** Monday, June 18, 2007 1:21 PM
**To:** Lachman, Roy
**Subject:** RE: Order setting Hearing on withdrawl on unclaimed funds

Hi Roy,

Here you are; Richard Scotts Green (ssn: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)  Julissa Green (ssn: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)

The information that would work best would be anything showing the relationship between Richard & Julissa Green and Ohio Savings a quick printout of the account at one time held by Ohio Savings with the debtor, or just anything you might be able to come up with.

Thanks,

Russ

---

**From:** Lachman, Roy [mailto:RLachman@amtrust.com]
**Sent:** Monday, June 18, 2007 9:16 AM
**To:** W. Russ Dilks

7/26/2007

**Subject:** RE: Order setting Hearing on withdrawl on unclaimed funds

We have several Richard Scotts.  Could you please furnish me the SS #s for both the husband and wife?  Also, what information would you like for these borrowers?  Thanks. Roy.

---

**From:** W. Russ Dilks [mailto:russ.dilks@dilksknopik.com]
**Sent:** Thursday, June 14, 2007 5:32 PM
**To:** Lachman, Roy
**Subject:** Order setting Hearing on withdrawl on unclaimed funds

Hi Roy,

Per my voice mail to you today I am notifying you of a hearing that has been ordered in regard to the release of the $30,695.02 in unclaimed funds owing to Ohio Savings Bank.  I have to offer the option of your presence during this hearing but it is not necessary.  We will plea our case in this hearing and present any further evidence before hand to hopefully insure the release of the funds on your behalf.

Our application (enclosed) did seem strong, and our evidence good but we were only able to provide documentation taken over respectable internet sites (FDIC,NIC, SOS) so if you happen to be able to provide us stronger evidence of the name change into AmTrust  or anything on the loan/debtor itself that would be helpful, if so please fax or email them to us so we can submit it as further evidence before the hearing.

I apologize for any in conveyance in this matter; I think the Judge is just being precautious because the amount is larger than usual.  Please let me know if you have any questions.

Sincerely,


W. Russ Dilks
Associate
Dilks & Knopik LLC
28431 SE Preston Way
P.O. Box 2728
Issaquah, WA 98027
Ph. 425-836-5728 ext. 103
Fax 425-650-9930
Toll Free 877-836-5728
russ.dilks@dilksknopik.com
www.dilksknopik.com

A Proud Member of the Better Business Bureau.
www.bbb.com

Warning: The information contained in this message and all documents attached hereto may be privileged and confidential and protected from disclosure. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by replying to this message and then delete it from your computer, or promptly contact the sender by telephone at 425-836-5728 ext 103.

---

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* This communication may contain privileged and/or confidential information. It is intended solely for the use of the addressee. If you are not the intended recipient, you are strictly prohibited from disclosing, copying, distributing or using any of this information. If you received this communication in error, please contact the sender immediately and destroy the material in its entirety, whether electronic or hard copy. This communication may contain nonpublic personal information about**

7/26/2007



consumers subject to the restrictions of the Gramm-Leach-Bliley Act. You may not directly or indirectly reuse or redisclose such information for any purpose other than to provide the services for which you are receiving the information. There are risks associated with the use of electronic transmission. The sender of this information does not control the method of transmittal or service providers and assumes no duty or obligation for the security, receipt, or third party interception of this transmission. **********************************************************

******************************************************** This communication may contain privileged and/or confidential information. It is intended solely for the use of the addressee. If you are not the intended recipient, you are strictly prohibited from disclosing, copying, distributing or using any of this information. If you received this communication in error, please contact the sender immediately and destroy the material in its entirety, whether electronic or hard copy. This communication may contain nonpublic personal information about consumers subject to the restrictions of the Gramm-Leach-Bliley Act. You may not directly or indirectly reuse or redisclose such information for any purpose other than to provide the services for which you are receiving the information. There are risks associated with the use of electronic transmission. The sender of this information does not control the method of transmittal or service providers and assumes no duty or obligation for the security, receipt, or third party interception of this transmission. **********************************************************

******************************************************** This communication may contain privileged and/or confidential information. It is intended solely for the use of the addressee. If you are not the intended recipient, you are strictly prohibited from disclosing, copying, distributing or using any of this information. If you received this communication in error, please contact the sender immediately and destroy the material in its entirety, whether electronic or hard copy. This communication may contain nonpublic personal information about consumers subject to the restrictions of the Gramm-Leach-Bliley Act. You may not directly or indirectly reuse or redisclose such information for any purpose other than to provide the services for which you are receiving the information. There are risks associated with the use of electronic transmission. The sender of this information does not control the method of transmittal or service providers and assumes no duty or obligation for the security, receipt, or third party interception of this transmission. **********************************************************

******************************************************** This communication may contain privileged and/or confidential information. It is intended solely for the use of the addressee. If you are not the intended recipient, you are strictly prohibited from disclosing, copying, distributing or using any of this information. If you received this communication in error, please contact the sender immediately and destroy the material in its entirety, whether electronic or hard copy. This communication may contain nonpublic personal information about consumers subject to the restrictions of the Gramm-Leach-Bliley Act. You may not directly or indirectly reuse or redisclose such information for any purpose other than to provide the services for which you are receiving the information. There are risks associated with the use of electronic transmission. The sender of this information does not control the method of transmittal or service providers and assumes no duty or obligation for the security, receipt, or third party interception of this transmission. **********************************************************

7/26/2007

United States Bankruptcy Court
SOUTHERN DISTRICT OF FLORIDA

IN RE:                              )
                                    )
    Richard Scott & Julissa Green     )        CASE NO.05-16028
                                    )
DEBTOR(S)                           )        **RELEASE OF INTEREST**
                                    )
                                    )

**Original Creditor – Ohio Savings Bank n/k/a AmTrust Bank**
**Amount - $30,695.02**

I, _Roy E. LACHMAN, S.V.P._ of _AmTrust Bank_, hereby swear under the penalty of perjury that:

- Ohio Savings Bank was a creditor in the above referenced case.
- AmTrust bank f/k/a Ohio Savings Bank has no interest in the collection of the above mentioned funds.
- The loan held by Ohio Savings Bank was paid in full on January 10th 2007
- On January 25th 2007 the trustees check for $30,695.02 was returned to the court due to loan being paid in full
- AmTrust Bank f/k/a Ohio Savings Bank wishes to allocate 100% of our interest in the above unclaimed amount to Richard Scott Green & Julissa Green.

Dated _June 19, 2007_    By: _Roy E L_
                           Roy E. Lachman – SVP/General Counsel

Print Name: _Roy. E. Lachman_

Subscribed and Sworn before me this _19th_ day of _June_, 20_07_

_Susan J. Aukerman_
Notary Public In and For the State of

_Ohio_

**SUSAN J. AUKERMAN**
Notary Public, State of Ohio
My Commission Expires
June 13, 2008
(Recorded In Cuyahoga County)



EXHIBIT

_D_

ᴵRDERED in the Southern District of Florida on June 22, 2007



_____
Robert A. Mark, Judge
United States Bankruptcy Court

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re:

Ramiro Molina and
Ayna Molina,

Case No. 04-14394-BKC-RAM
Chapter 13

_____Debtor_____/

## ORDER FOR PAYMENT OF UNCLAIMED FUNDS

Upon application by <u>Ramiro Molina and Ayna Molina</u> on behalf of <u>Ramiro Molina and Ayna Molina</u> (the claimant or successor in interest to original claimant) and in accordance with the provisions of 28 U.S.C. § 2042 and Local Rule 3011-1(C), it is

**ORDERED** that, following review by the clerk of the sufficiency of the Application to Withdraw Unclaimed Funds and (if applicable) the Affidavit of Claimant Information, the clerk is directed to remit to <u>Ramiro Molina and Ayna Molina</u> (the claimant or successor in interest to the original claimant) and, if applicable, the "funds locator" or attorney retained by the claimant <u>Ramiro Molina and Ayna Molina</u>, the sum of $4,890.63 now held as unclaimed funds in the treasury for the original claimant Fairbanks Capital and Beneficial Florida, Inc.

Where the claimant (or successor in interest to the original claimant) has retained a "funds locator" or attorney, the check for these funds shall issue in the name of the claimant (or

LF-29 (rev. 10/17/05)

Παγε 1 οϕ 2



EXHIBIT

tabbies

E

successor in interest to the original claimant) and the "funds locator" or attorney.

### 

**Submitted by:**

**Copies to:**
Clerk, U.S. Bankruptcy Ct.

Nancy Herkert, Trustee
POB 279806
Miramar, FL 33027

Ramiro and Ayna Molina
9066 SW 213th St.
Miami, FL 33189

Fairbanks Capital Corp.
Loan Servicing Center MC 240
POB 65250
Salt Lake City, UT 84165

Beneficial Florida Inc.
961 Weigel Dr.
POB 8603
Elmhurst, IL 60126

US Trustee
51 SW 1st Ave
Miami, FL 33130

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

To:  Brian J. Dilks

Re:    Case No. 04-14394    -BKC- RAM        Claim: _____

The clerk's office is unable to process your "Application to Withdraw Unclaimed Funds" for the following reason(s):

_____    The application was not submitted on the required local forms (copies attached);

_____    Creditor(s) did not submit original signature on the "Affidavit of Creditor";

_____    Creditor(s) did not submit original signature on the "Power of Attorney";

_____    The applicant has failed to supply supporting documents that the applicant is authorized to claim money on behalf of a corporation, partnership, deceased creditor, etc.;

_____    The application was not signed by all creditors entitled to receive the funds;

_____    The applicant has failed to submit a letter of administration from the probate court, along with a probated copy of the will, indicating that applicant is entitled to act as the personal representative of the deceased creditor;

_____    Our records indicate that this claim was previously paid on _____ to _____
         _____ ;

_____    Application is missing form(s):_____
         _____ ;

_____    The funds you are attempting to claim were, during the administration of your case, determined to be owed to a creditor and, in accordance with applicable laws, the trustee deposited them into the court's unclaimed funds account in the name of the creditor. The creditor may at any time in the future apply to withdraw these funds.  If you believe you, not the named creditor, are the rightful owner of these funds, you may file a Motion to Determine Ownership of Unclaimed Funds with the court, accompanied by any proof (such as an affidavit from the creditor or the trustee) of entitlement to the funds and serve a copy on the affected creditor and the trustee. The fact that the creditor has failed to claim the funds is not, by itself, sufficient proof for the court to turn the funds over to you absent any other information documenting your right to these funds. The court will review your motion and determine whether to set the matter for a hearing.

✓    Other: See attached order _____
         _____
         _____

**All of your documents are being returned with this letter.  Please resubmit your corrected application (when applicable).  Resubmitted documents shall be deemed received by the clerk as of the date resubmitted.**

                                    _____
                                            Financial Deputy
Date:  6/27/07              Phone: (305) 714-1800, Ext. 1841/1848

CF-F2 (rev. 09/15/06)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

In re:

Case No. 04-14394 RAM
Chapter 13

Ramiro Molina and
Ayna Molina,

_____Debtors_____/

## APPLICATION TO WITHDRAW UNCLAIMED FUNDS

Applicants, Ramiro Molina and Ayna Molina, applies to this court for entry of an order directing the clerk of the court to remit to the applicant the sum of $4,119.76 plus 770.87 totaling $4,890.63 said funds having been deposited into the Treasury of the United States pursuant to 28 U.S.C. § 2041 as unclaimed funds for claimants Fairbanks Capital Corp and Beneficial Florida, Inc. Applicant further states that:

1.    (Indicate one of the following items:)

_x_ Applicant is the individual claimant named in the "Notice of Deposit of Funds with the U.S. Bankruptcy Court Clerk" and states that no other application for this claim has been submitted by or at the request of this claimant.

__ Applicant is the duly authorized representative for the business or corporation named as the claimant in the "Notice of Deposit of Funds with the U.S. Bankruptcy Court Clerk". Applicant has reviewed all records of the claimant and states that no other application for this claim has been submitted by or at the request of this claimant. **A local form Affidavit of Claimant (LF-28) and duly executed corporate power of attorney are attached and made a part of this application.**

__ Applicant is an attorney or a "funds locator" who has been retained by the claimant. Applicant has obtained an original "power of attorney" from the individual claimant or the duly authorized representative for the business or corporation named as the claimant in the notice of deposit of funds into the court. **An original "power of attorney ", conforming to the Official Bankruptcy Form and a Local Form Affidavit of Claimant (LF-28) are attached and made a part of this**

LF-27 (rev. 12/01/03)                    Παγε 1 οφ 3

| FINANCIAL OFFICE REVIEW | | |
|---|---|---|
| Application Received | Date: 6/6/07 | Initials: W |
| Payment Approved | Date: 6/8/07 | Initials: W |
| Forwarded to Judge | Date: 5/1/07 | Initials: W |
| Accounting Code | 604782 | |

application.

___ Applicant is either a family member of the deceased claimant or a successor in interest to the individual or business named as the claimant in the notice of deposit of funds into the court.  **An original "power of attorney" conforming to the official bankruptcy form and/or other supporting documents, including probate documents which indicate applicant's entitlement to this claim are attached and made a part of this application.**

2.      Applicant has made sufficient inquiry and  has no knowledge that this claim has been previously paid, that any other application for this claim is currently pending before this court, or that any party other than the applicant is entitled to submit an application for this claim.

3.      Applicant has provided notice to the U.S. Attorney pursuant to 28 U.S.C. § 2042.


Dated:  March 12, 2007

_____
Name of Original Claimant

9066 Sw 213 St.

Miami, Fl. 33189
Address

Signature of Applicants
(Note: In addition to signing, complete all
   information below)

Last Four Digits of SS# 5025

Note: Individual applicant must also submit a separate form "Statement of Social Security Number(s) of Unclaimed Funds Applicant/Claimant" as required by Judicial Conference Privacy policy.


_____
Name of Original Claimant

9066 SW 213 St

Miami, FL 33189
Address

Signature of Applicants
(Note: In addition to signing, complete all
   information below)

Last Four Digits of SS# 8139

Note: Individual applicant must also submit a separate form "Statement of Social Security Number(s) of Unclaimed Funds Applicant/Claimant" as required by Judicial Conference Privacy policy

ID#

Claim #

Sworn to and Subscribed before me
on March 12, 2007.


NOTARY PUBLIC, AT LARGE
STATE OF Florida

*Print Name and Title of Applicant

*Ramiro Molina and Ayna Molina*

Print Company Name

*N/A*

Print Street Address

*9066 SW 213 St*

Print City and State

*Miami, FL 33189*

Telephone (including area code) *305 2548449*

Notary Public State of Florida
Sherry Lynn Brito
My Commission DD459053
Expires 09/11/2009

*Attach corporate power of attorney if applying as authorized representative of non individual claimant.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

In re:                                        Case No. 04-14394-RAM
                                              Chapter 13
Ramiro Molina and
Ayna Molina

_____ Debtor _____/

## AFFIDAVIT OF CLAIMANT

I, Ramiro & Ayna Molina the undersigned claimant (or duly
authorized representative for the claimant "business" indicated in paragraph 2) declare as follows:

1. Ramiro & Ayna Molina
                          (Name and Address)
has been granted a power of attorney by me to submit an Application to Withdraw Unclaimed Funds (or I
am the duly authorized representative for claimant "business" as indicated in the attached corporate power
of attorney) seeking payment of: (indicate a or b)

a. (____) claim number_____ (if no claim was filed write "scheduled" in blank
space) for which the dividend of $ _____ is due and owing to me or the "business" I
represent as claimant in the above referenced bankruptcy case; or

b. ( X ) funds deposited in the name of the debtor in the amount of $ 4,890.63

2. My name, position with company (if representing a "business" claimant), address and telephone
number are as follows:

3. Claimant History: Substantiate claimant's right to funds, including but not limited to documents
relating to sale of company, i.e. purchase agreements and/or stipulation by prior and new owner as to right
of ownership of funds. Attach certified copies of all necessary documentation, including those which
establish the chain of ownership of the original corporate claimant. If attachments contain Social Security
number, please attach them to the "Statement of Social Security Number of Unclaimed Funds
Claimant/Applicant". SEE Exhibit, A,B,C,D&E

4. I (or the "business" I represent as claimant) have neither previously received remittance for
these funds nor have contracted with any other party other than the person named in item one above to
recover these funds.

I hereby certify that the foregoing statements are true and correct to the best of my knowledge and
belief.

Dated: 5/10/07
                                              _____
                                              signature of claimant or representative of "business" claimant
                                              Ramiro Molina & Ayna Molina
                                              print name
                                              N/A
                                              title
                                              # 5029   #8139
                                              Last Four Digits of Social Security # or Tax ID#
                                              (Note: Individual claimant must also submit a separate
                                              "Statement of Social Security Number(s) of Unclaimed Funds
                                              Applicant/Claimant" as required by Judicial Conference policy)

Sworn to and Subscribed before me
on May 10, 2007
_____
NOTARY PUBLIC, AT LARGE
STATE OF _Florida_

Notary Public State of Florida
Sherri Lynn Brito
My Commission DD459053
Expires 09/11/2009

LF-28 (rev. 12/01/03)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

PROCEEDINGS UNDER CHAPTER 13
CASE NO. 04-14394-RAM

In re:

Ramiro Molina
and Ayna Molina

_____,_____/

**AFFIDAVIT**

STATE OF FLORIDA )
COUNTY OF MIAMI-DADE )

     We undersigned, Ramiro and Ayna Molina duly sworn, depose, and say:

The funds held by the Clerk should be paid to us. The reason said monies should be paid to us is that those funds were paid to the mortgage company that has been completely paid off in the refinancing of our home. This court allowed the refinancing of our home by Court Order. Apparently the Chapter 13 Trustee sent those funds to the creditor (the mortgage company in the plan) after the refinancing had taken place in which the creditor had already been completely paid off and satisfied. Upon the receipt of the monies the mortgage company acknowledged they had been satisfied by returning the money to the Chapter 13 Trustee. Therefore those funds should be paid at this time to us as overpayment to the mortgage company.

                                       Ramiro Molina, Declarant

                                       Ayna Molina, Declarant

          SWORN TO AND SUBSCRIBED TO before me this 18 day of April 2007.

NOTARY PUBLIC, State of Florida at large

                                           My commission expires:



Notary Public State of Florida
Sherry Lynn Brito
My Commission DD459053
Expires 09/11/2009

Exhibit "A"

CFN 2006R0539870
OR Bk 24538 Ps 1811; (1ps)
RECORDED 05/18/2006 10:01:34
HARVEY RUVIN, CLERK OF COURT
MIAMI-DADE COUNTY, FLORIDA
LAST PAGE

Recording Requested By:
ALTA REAL ESTATE SERVICES, INC.

When Recorded Return To:

ALTA REAL ESTATE SERVICES, INC
10401 DEERWOOD PARK BLVD.
ATTN: RECONVEYANCE DEPT.
JACKSONVILLE, FL 32256

## RELEASE OF MORTGAGE

ALTA REAL ESTATE SERVICES, INC. #:0003679339 "MOLINA" Lender ID:832/4500008213 Miami-Dade, Florida PIF: 04/03/2006

KNOW ALL MEN BY THESE PRESENTS that Deutsche Bank National Trust Company, as trustee for the Holders of CDC Mortgage Capital Trust Series 2002-HE3 by Select Portfolio Servicing, Inc. as Attorney In Fact whose address is 10401 DEERWOOD PARK BLVD., JACKSONVILLE, FL 32256 holder of a certain Mortgage, whose parties, dates and recording information are below, does hereby acknowledge that it has received full payment and satisfaction of the same, and in consideration thereof, does hereby cancel and discharge said Mortgage.

Original Mortgagor: RAMIRO MOLINA, A MARRIED MAN JOINED BY HIS WIFE AYNA B. MOLINA
Original Mortgagee: NOVELLE FINANCIAL SERVICES
Dated: 09/11/2002 Recorded: 09/20/2002 In Book/Reel/Liber: 20672 Page/Folio: 0347 as Instrument No.: 02R588419
In the County of Miami-Dade State of Florida

Property Address: 9066 SW 13TH STREET, MIAMI, FL 33189

IN WITNESS WHEREOF, Deutsche Bank National Trust Company, as trustee for the Holders of CDC Mortgage Capital Trust Series 2002-HE3 by Select Portfolio Servicing, Inc. as Attorney In Fact by the officers duly authorized, has duly executed the foregoing instrument.

Deutsche Bank National Trust Company, as trustee for the Holders of CDC Mortgage Capital Trust Series 2002-HE3 by Select Portfolio Servicing, Inc. as Attorney In Fact POA: 04/16/2004 In Book/Reel/Liber: 22218 Page/Folio: 2334-2339 as Instrument No.: 2004R0269313
On May 1st, 2006

By: _____
M. Munoz, Document Control Officer



WITNESS _____
B. Hernandez

WITNESS _____
S. Elkins

STATE OF Florida
COUNTY OF Duval

On May 1st, 2006, before me, MARCELLA LISBON, a Notary Public in and for Duval in the State of Florida, personally appeared M. Munoz, Document Control Officer, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity, and that by his/her/their signature on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

_____
MARCELLA LISBON
Notary Expires: 05/16/2009 #DD 429691





(This area for notarial seal)

Prepared By: Aida Jackson, ALTA REAL ESTATE SERVICES, INC. P.O. BOX 551170, JACKSONVILLE, FL 32255
800-944-1212

*TAO*5FLCC*05/01/2006 11:49:10 AM* FLCC01FLCC0000000000000000754051* FLDADE* 0003679339 FLSTATE_MORT_REL *AID*AIDFLCC*

*Exhibit "B"*



**SPS | SELECT Portfolio SERVICING, Inc.**

My Hol

Customer Resourc

Home    Our Company    Customer Resource Center    Investors    Career Opportunities    Cor

**FOR IMMEDIATE RELEASE**

### SELECT PORTFOLIO SERVICING

#### Fairbanks Capital Changes to Select Portfolio Servicing Inc.

**Salt Lake City, Utah - July 1, 2004** - Fairbanks Capital Corp. today announced that it has officially changed its name to Select Portfolio Servicing, Inc.

"In the past year, our management, culture, and approach to our customers has changed dramatically. Toda the Company has a new, stronger and more positive relationship with consumers, bondholders, clients, community groups and regulators. One of the few things that hadn't changed was the Company's name, and we wanted to create a name that matched the new company," said Matt Hollingsworth, president of Select Portfolio Servicing, Inc.

"As a company, from management to our customer contact associates, we believe that the old name no longer fits," said James H. Ozanne, CEO of Select Portfolio Servicing, Inc. "We are proud of our accomplishments, and our new name reflects this. Select Portfolio Servicing, Inc. will continue to be known for both consumer responsive practices and strong financial performance for our clients."

In the past 12 months, the Company has implemented leading-edge practices that are setting the standard i the industry for customer responsiveness while helping to responsibly manage the risk of the non-prime residential loan market.

Select Portfolio Servicing is a leading nonprime residential mortgage loan servicer headquartered in Salt Lake City with facilities in Hatboro, Pa. and Jacksonville, Fla. It services approximately 350,000 nonprime residential mortgage loans. For more information about Select Portfolio Servicing, visit the company's new Web site at www.spservicing.com.

# # #

Important Legal Information  |  Privacy  |  Terms & Conditions  |  Business Partner Services  |  Site Map

SPS WebMail  -  Citrix System

© Copyright 2007 Select Portfolio Servicing, Inc. All rights reserved. Reproduction in whole or in part without permission is prohib

 

Apr 13, 2006

**AUTO**MIXED AADC 840
RAMIRO MOLINA
9066 SW 213th St
Miami FL 33189-3825

RE: Loan Number: 0003679339

Dear Customer:

Congratulations!  Our records indicate that your mortgage loan was paid in full on
April 3 2006.

A satisfaction document will be sent to the appropriate county recorder's office.  After the
document is recorded, the county recorder will return it to Select Portfolio Servicing, at
which time we will forward the document to you.  Or, you may request a copy of the
recorded document directly from your local county recorder's office.  If the property is
located in the State of California, the recorder will mail the satisfaction document directly
to you.

This notice is subject to clearance of any payoff funds which may be in transit, payment of
advances made on your behalf, and the satisfactory completion of any pending transactions.

We value you as a customer and appreciate this opportunity to serve you.  If you have any
questions regarding your loan or its payoff, please contact our Customer Service
Department at (800) 258-8602 Monday through Friday between the hours of 7:00 am and
8:00 pm Eastern Time.

Sincerely,


*Payoff Department*



PA004

Exhibit "E"

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE:                                CASE NO.   04-14394-BKC-RAM
RAMIRO MOLINA
AYNA MOLINA

                                      CHAPTER 13


RAMIRO MOLINA
AYNA MOLINA
9066 SW 213TH STREET
MIAMI, FL 33189


DESIREE CALAS-JOHNSON, ESQ.
782 NW 42 AVENUE
SUITE 447
MIAMI, FL 33126

FAIRBANKS CAPITAL CORP        ---------$        4,119.76
LOAN SERVICING CENTER-MC:240
PO BOX 65250
SALT LAKE CITY, UT 84165


BENEFICIAL FLORIDA INC.       ---------$          770.87
961 WEIGEL DRIVE
PO BOX 8603
ELMHURST, IL 60126


U.S. Trustee
51 S.W. 1st Avenue
Miami, Florida 33130

CFN 2006R0438021
OR Bk 24455 Pg 4106; (1pg)
RECORDED 04/24/2006 16:02:25
HARVEY RUVIN, CLERK OF COURT
MIAMI-DADE COUNTY, FLORIDA
LAST PAGE

LOAN NO.: 31174317119333
FLORIDA
RELEASE DEED

Prepared by: VIOLA COTTON
Record and Return to:
Household Financial Corporation
577 Lamont Road
P.O. Box 1247
Elmhurst, IL  60126



KNOW ALL MEN BY THESE PRESENTS
That BENEFICIAL FLORIDA, INC., a United States Corporation,  does hereby certify and acknowledge
the release of record  of the debt secured by the following described and recorded real estate mortgage, and
same hereby released.
Name of Mortgagor:
RAMIRO MOLINA, ANYA MOLINA
Name of Mortgagee:
BENEFICIAL FLORIDA, INC.
The mortgage is recorded with the Register of Titles/Recorder of Deeds for
DADE County, Florida
Document No. 02R683675, Instrument No. 02R683675, Volume 20773, Page 3669, Mortgage Date
10/25/2002, Rec Date 11/04/2002
Address of Property:        9066 SW 213TH ST
                           MIAMI, FL 33189

Dated: April 13, 2006

BENEFICIAL FLORIDA, INC.

_____
CHER ROBINSON, Vice President

State of Illinois
County of Dupage

On April 13, 2006, before me, the undersigned, a Notary Public in and for said State, personally appeared
CHER ROBINSON, personally known to me or proven to me on the basis of satisfactory evidence to be the
Vice President of BENEFICIAL FLORIDA, INC., a United States Corporation,  executed the within
instrument pursuant to its bylaws or by resolution of its Board of Directors.

In witness whereof, I have hereunto set my hand and affixed my notarial seal this April 13, 2006.

_____
Notary Public/Commission Expires:

"OFFICIAL SEAL"
LYNETTE HARRIS
NOTARY PUBLIC STATE OF ILLINOIS
My Commission Expires 08/18/2009



577 Lamont Road
P.O. Box 6635
Elmhurst, IL 60126

*Member HSBC ◇◇ Group*

DATE: 04/13/2006

RAMIRO MOLINA,
ANYA MOLINA
9066 SW 213TH ST
MIAMI, FL 33189

Dear RAMIRO MOLINA:

This letter is to inform you that your account number 31174317119333 is now
paid in full.  Thank you for doing business with our company.

If you have any questions regarding your account, please contact our
Customer Service Department at 1(800) 547-8776.

Sincerely,

VIOLA COTTON
Records Administration

Exhibit "C"

# Alta Real Estate Services, Inc.

July 26, 2006

RAMIRO MOLINA
9066 S W 213TH STREET
MIAMI, FL  33189

**ALTA REAL ESTATE SERVICES, INC.**
Loan No. 0003679339  Lender #: 4500008213  Escrow #:

Dear Sir / Madam,

Please find enclosed recorded lien release/or collateral documents for this paid in full loan.

It has been a pleasure serving your mortgage banking needs. If we can be of further assistance please contact our Customer Service Department at 800-944-1212.

Sincerely,

ALTA REAL ESTATE SERVICES, INC.
Reconveyance Department

Exhibit "D"

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 04-14394-BKC-RAM

CHAPTER 13 PROCEEDINGS

In re:

    Ramiro Molina and
    Ayna Molina,

    Debtors.

_____/

## CERTIFICATE OF SERVICE OF AFFIDAVIT

I HEREBY CERTIFY that a true and correct copy of the above was sent by U.S. mail this ⎽⎽10⎽⎽ day of May, 2007 to all creditors and interested parties on the attached list.

Ramiro and Ayna Molina
9066 SW 213th St.
Miami, FL 33189

By: _____
Ramiro Molina

By: _____
Ayna Molina

Nancy Herkert, Trustee
POB 279806
Miramar, FL  33027

US Attorney Office
99 NE 4th St., #217
Miami, FL  33132

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 04-14394-BKC-RAM

CHAPTER 13 PROCEEDINGS

In re:

    Ramiro Molina and
    Ayna Molina,

    Debtors

_____/

## CERTIFICATE OF SERVICE OF APPLICATION TO WITHDRAW UNCLAIMED FUNDS

    I HEREBY CERTIFY that a true and correct copy of the above was sent by U.S.

mail this ___ day of March, 2007 to all creditors and interested parties on the

attached list.

                    Ramiro Molina and Ayna Molina
                    9066 SW 213th St.
                    Miami, FL 33189
                    (305) 254-8449

                    By: _____
                        Ramiro Molina

                    By: _____
                        Ayna Molina

Nancy Herkert, Trustee
POB 279806
Miramar, FL  33027

Fairbanks Capital Corp
Loan Servicing Center MC 240
POB 65250
Salt Lake City, UT  84165

Beneficial Florida Inc.
961 Weigal Dr.
POB 8603
Elmhurst, IL  60126

US Trustee
51 SW 1st Ave
Miami, FL  33130

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

*Fee pd.*

IN RE:                          CASE NO.   04-14394-BKC-RAM
RAMIRO MOLINA
AYNA MOLINA

CHAPTER 13

NOTICE OF DEPOSIT OF FUNDS WITH THE
U.S. BANKRUPTCY COURT CLERK

NOTICE IS HEREBY GIVEN THAT:

(XX) The trustee has a balance of $ 4,890.63 remaining in her bank
account which represents unpresented checks drawn and mailed to
debtor(s)/ creditor(s) in the above named case. Your trustee
has made a good faith effort to verify the correct mailing
address for said debtor(s)/Creditor(s) and deliver the funds
before presenting this notice. More than sufficient time has
passed for these checks to be presented for payment, or the
creditor has returned funds indicating they refuse the funds.

( ) The trustee has a balance of $    .00   remaining in her bank
account which represents small dividends as defined by FRBP
3010.

     Attached and made a part of this notice is a list, pursuant
to FRBP 3011, of the names, Claim numbers and amounts
of the debtor(s)/creditor(s) and the amounts to which they are
entitled.

     WHEREFORE, your trustee hereby gives notice that the above
stated sum has been deposited with the Clerk of the U. S.
Bankruptcy Court, Southern District of Florida, to effect closing
of this estate.

Date: ___FEB 2 1 2007_____

                              NANCY N. HERKERT
                              CHAPTER 13 TRUSTEE

Copies to:

RAMIRO MOLINA
AYNA MOLINA
9066 SW 213TH STREET
MIAMI, FL 33189

DESIREE CALAS-JOHNSON, ESQ.
782 NW 42 AVENUE
SUITE 447
MIAMI, FL 33126

FAIRBANKS CAPITAL CORP
LOAN SERVICING CENTER-MC:240
PO BOX 65250
SALT LAKE CITY, UT 84165

BENEFICIAL FLORIDA INC.
961 WEIGEL DRIVE
PO BOX 8503
ELMHURST, IL 60126

U.S. Trustee
51 S. W. 1st Avenue
Miami, Florida 33130

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA

IN RE:                                CASE NO.   04-14394-BKC-RAM
RAMIRO MOLINA
AYNA MOLINA


                                      CHAPTER 13


RAMIRO MOLINA
AYNA MOLINA
9066 SW 213TH STREET
MIAMI, FL 33189


DESIREE CALAS-JOHNSON, ESQ.
782 NW 42 AVENUE
SUITE 447
MIAMI, FL 33126

FAIRBANKS CAPITAL CORP        ---------$      4,119.76
LOAN SERVICING CENTER-MC:240
PO BOX 65250
SALT LAKE CITY, UT 84165

BENEFICIAL FLORIDA INC.       ---------$        770.87
961 WEIGEL DRIVE
PO BOX 8603
ELMHURST, IL 60126

U.S. Trustee
51 S.W. 1st Avenue
Miami, Florida 33130